IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 31 2011
JAMES W. McCORMACK, CLERK
By: [signature] DEP CLERK

RENEE MITCHEM f/k/a RENEE SADOWSKI,
Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
Defendant.

4·11-CV-0279 JLH

This case assigned to District Judge Holmes
and to Magistrate Judge Young

## COMPLAINT

NOW COMES the Plaintiff, RENEE MITCHEM f/k/a RENEE SADOWSKI, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, MIDLAND CREDIT MANAGEMENT, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. RENEE MITCHEM f/k/a RENEE SADOWSKI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Mabelvale, County of Saline, State of Arkansas.

5. At all times relevant Defendant was attempting to collect a debt allegedly owed by Plaintiff to Columbus Bank and Trust (hereinafter "Columbus").

6. The debt that Plaintiff allegedly owed Columbus was for a credit card, the charges on which were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MIDLAND CREDIT MANAGEMENT, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about January 15, 2011, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Columbus. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

15. On or about January 16, 2011, subsequent to Plaintiff having received the aforementioned correspondence, Plaintiff engaged in a telephone conversation with Neil, a duly authorized representative of Defendant.

16. Plaintiff informed told Defendant that she never incurred the debt on which Defendant was attempting to collect.

17. Plaintiff further informed Defendant that she had never heard of the aforementioned account on which Defendant was attempting to collect.

18. Defendant told Plaintiff that the debt she owed to Columbus had been charged off in 2002.

19. In response to Defendant's statement that the debt she allegedly owed had been charged off in 2002, Plaintiff told Defendant that she believed that the statute of limitations with respect to the debt on which it was attempting to collect had passed if the debt had been charged off in 2002.

20. The statute of limitations for written contracts in the State of Arkansas is five (5) years.

21. In January 2011, the statute of limitations relative to the debt Plaintiff allegedly owed to Columbus had passed.

22. In response to Plaintiff's statements as delineated above, Defendant told Plaintiff that due to the amount of the debt that she owed, the statute of limitations did not apply.

23. Defendant further told Plaintiff that it could still file a lawsuit against her relative to the debt on which it was attempting to collect.

24. Defendant's representation that the statute of limitations did not apply with respect to the debt on which it was attempting to collect was false, deceptive and/or misleading given that the statute of limitations was applicable to the aforesaid debt.

25. Defendant's representation that it could file a lawsuit against Plaintiff had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff that Defendant could successfully obtain a judgment against Plaintiff even though the statute of limitations relative to the aforesaid debt had passed.

26. Defendant has not filed a lawsuit against Plaintiff for the debts she allegedly owes.

27. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owed.

28. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debts she allegedly owes.

29. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owed.

30. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owed as the statute of limitations relative to the aforesaid debt had passed.

31. During the course of the aforesaid telephone call, Plaintiff informed Defendant that she had neither heard of or nor incurred the debt on which it was attempting to collect.

32. Defendant then told Plaintiff that she was a "liar."

33. Defendant further told Plaintiff to "fess up to owing [her] debts and to pay [her] bills."

34. Defendant also told Plaintiff that she had to be more responsible.

35. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debts she allegedly owed.

36. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

37. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

38. In its attempts to collect the debt allegedly owed by Plaintiff to Columbus, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RENEE MITCHEM f/k/a RENEE SADOWSKI, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**RENEE MITCHEM f/k/a**
**RENEE SADOWSKI**

By: ______________________
David M. Marco
Attorney for Plaintiff

Dated: March 24, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us

# EXHIBIT A

Return Mail Only - No Correspondence
mcm Dept 12421
PO Box 603
Oaks, PA 19456

Contact Information: Tel (800) 825-8131

Hours of Operation: M-Th 6am - 7pm; Fri-Sat 6am - 5pm PST

01-15-2011

Original Creditor: COLUMBUS BANK AND TRUST
Original Account No.: 4791060014051311

2345.12
#BWNHLTH
#0000 0851 1299 1444#
RENEE A SADOWSKI
9133 KLING RD
MABELVALE, AR 72103-3607

MCM Account No.: 8511299144
Current Balance: $6,292.43

Dear RENEE A SADOWSKI,

The purpose of this letter is to request your assistance so that we may reach a quick resolution to your dispute.

As part of our investigation of your dispute, it would be helpful to have a copy of any documentation you may have that supports your dispute. In the interim, we have requested that the three major consumer credit reporting agencies change the status of this account to "Disputed."*

Examples of documentation include the following:

1. **Paid in Full or Account Settled**: a) copy of front and back of payment instrument with copy of settlement offer or statement showing balance, or b) copy of paid in full or settled in full letter.

2. **Fraud**: a) copy of police report, b) Federal Trade Commission fraud affidavit (which can be obtained at www.ftc.gov/idtheft), or c) notarized fraud affidavit.

3. **Balance Discrepancy**: a) copy of contract that states rates for timeframe of disputed service, (b) copy of bill that shows amount owed or rates, or (c) more detailed explanation of disputed charges.

4. **Death of Consumer Owing the Debt**: copy of the certified Death Certificate.

Please mail any documentation you may have to support your claim to:

Attention: Consumer Relations.
P.O. Box 939069
San Diego, CA 92193

**We can be reached at (800) 825-8131 ext. 32980 should you have any further questions.**

Sincerely,

Consumer Relations
**(800) 825-8131 Ext 32980**

*Your credit report will not be updated if the federal reporting period has expired.

Please understand this communication is from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose.

PAP-583-A-Q

<u>MAIL PAYMENTS TO</u>: P.O. Box 60578, Los Angeles, CA 90060-0578

<u>MAIL CORRESPONDENCE BUT NO PAYMENTS TO</u>: MCM's business address at 8875 Aero Drive, Suite 200, San Diego, CA 92123